*E-FILED - 3/25/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST SANDOVAL NAJERA,   Petitioner,   vs.   ROSEANNE CAMPBELL, Warden,   Respondent. | No. C 06-4417 RMW (PR)  ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING MOTION TO GRANT WRIT  (Docket Nos. 4 & 6) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his 1989 state court sentence violated his 1981 plea agreement. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition and petitioner filed an opposition.[1] Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. § 2244(d)(1).

### BACKGROUND[2]

In 1981, petitioner entered a guilty plea to second degree murder (Cal. Penal Code § 187) with an enhancement for use of a firearm (Cal. Penal Code § 12022.5) in Santa

---

[1] Respondent did not file a reply.

[2] This background is taken from petitioner's papers and is not disputed by respondent.

1  Clara Superior Court based upon a plea agreement. The plea agreement provided for
2  petitioner to serve a term of 17 years to life under the California Youth Authority's
3  ("CYA") jurisdiction. In 1985, after serving four years and eleven months in the custody
4  of the CYA, petitioner was paroled.
5      After being paroled, petitioner violated his parole twice. He violated his parole for
6  the first time in 1985, and served one year in both county jail and in the custody of the
7  CYA. He was re-released on parole in January 1987. In 1988, petitioner violated his
8  parole again, and was returned to an adult sentencing court. On January 9, 1989, the
9  sentencing court reinstated his 1981 sentence and sentenced petitioner to a term of fifteen
10 years-to-life[3] for second degree murder and a consecutive three year term for drug
11 possession and violating parole. The California Court of Appeal denied petitioner's
12 appeal of this new sentence, and on October 24, 1990, the California Supreme Court
13 denied a petition for review.
14     Thereafter, petitioner filed a habeas petition in the California Supreme Court in
15 December 1993, and it was denied in June 1994. Petitioner filed his next state habeas
16 petition in the Santa Clara Superior Court in October 2004, and it was denied on January
17 26, 2005. Petitioner subsequently filed a habeas petition in the California Court of
18 Appeal on March 1, 2005, and it was denied 16 days later. On April 27, 2005, petitioner
19 filed his final state habeas petition in the California Supreme Court, and this was denied
20 on April 19, 2006.
21     The instant federal petition was filed on July 19, 2006.

## DISCUSSION

23     The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became
24 law on April 24, 1996 and imposed for the first time a statute of limitations on petitions
25 for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging
26 non-capital state convictions or sentences must file petitions for relief within one year

---

[3] The two year enhancement from the 1981 sentence was stayed.

1  from the date on which the judgment became final by the conclusion of direct review or
2  the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[4]
3  Where, as here, the petitioner fails to seek a writ of certiorari from the United States
4  Supreme Court, AEDPA's one-year limitation period begins on the date the ninety-day
5  period defined by Supreme Court Rule 13 expires. Miranda v. Castro, 292 F.3d 1063,
6  1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction
7  became final ninety days after the California Supreme Court denied review). The
8  California Supreme Court denied review of petitioner's 1989 judgment on October 24,
9  1990, and thus the judgment became "final" under AEDPA 90 days later, on January 24,
10 1991. Where, as here, the petitioner's judgment became final prior to the enactment of
11 the AEDPA, petitioner has until April 24, 1997 in which to file his federal habeas
12 petition. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant petition
13 was not filed until July 19, 2006, over nine years later. Thus, absent tolling the instant
14 petition is untimely.

15       The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time
16 during which a properly filed application for state post-conviction or other collateral
17 review with respect to the pertinent judgment or claim is pending.'" Dictado v.
18 Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)).
19 Petitioner's first state habeas petition does not toll the limitations period because it had
20 already been denied (in 1994), and was no longer pending, when AEDPA's limitations
21 period began to run (in 1996). Petitioner's remaining state habeas petitions were filed in
22 2004 and later, long after the limitations period had expired in 1997. A state habeas
23 petition filed after AEDPA's statute of limitations ended cannot toll the limitation period.
24 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not

---

[4] In rare instances, not presented by the instant petition, the limitation period may run from a date later than the date on which the judgment became final. See U.S.C. §§ 2244(d)(1)(B)-(D). The court explains below why 28 U.S.C. § 2254(d)(1)(D) does not delay the commencement of the limitations period here, and there is no argument, or any apparent basis, for applying 28 U.S.C. §§ 2254(d)(1)(B)-(C).

permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Also, petitioner is clearly not entitled to "gap" tolling for the ten years that elapsed between his 1994 state habeas petition and his next state habeas petition in 2004.  See Gaston v. Palmer, 447 F.3d 1163, 1167 (9th Cir. 2006) (finding no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions).  Under the circumstances presented in this case, there is no basis for statutory tolling.  Moreover, petitioner does not assert that he is entitled to equitable tolling, nor is there any apparent basis for such tolling in the record.

In his opposition, petitioner argues that the commencement of the limitations period should be delayed until 2004, when another inmate informed petitioner "of the breach of plea agreement and specific performance claims." (Opposition at 4.)  Under § 2244(d)(1)(D), the one-year limitation period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Here, petitioner claims that his 1989 sentence, in which his 1981 sentence was reinstated as a state prison term upon petitioner's violation of parole, breached his 1981 plea agreement, in violation of the prohibition against double jeopardy and the Fifth and Fourteenth Amendments.[5]  The factual predicate for this claim is the 1989 sentencing by the trial court because that is the state action that petitioner claims amounted to a breach of the plea agreement.  Petitioner was present at his sentencing and thus learned about it at the time the sentence was imposed by the trial court, in 1989.  Petitioner argues that he did not know that his sentence breached his plea agreement at the time because his attorneys did not assert such a claim or inform him that such a claim existed.  However, the limitations period begins to run under 28 U.S.C. § 2244(d)(1)(D) "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'"  Hasan v. Galaza, 254 F.3d 1150,

---

[5] Specifically, petitioner claims that when he agreed to the plea in 1981, he did not know that he could later be required to serve the entire 1981 sentence in state prison if he violated parole.

1  1154 n.3 (9th Cir. 2000). Thus, petitioner's failure to learn of the legal claims he asserts
2  herein until 2004 is not a basis for delaying the limitations period under 28 U.S.C. §
3  2244(d)(1)(D).
4      Petitioner also argues that his sentence violates his Eighth Amendment right to be
5  free from cruel and unusual punishment. Such an argument has no bearing on the
6  untimeliness of the petition.
7      As the petition was filed after the limitations period expired, and there is no basis
8  for either tolling or delaying the commencement of the limitations period, the instant
9  petition is barred as untimely under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

11  Respondent's motion to dismiss the petition as untimely (docket no. 4) is
12  GRANTED. Petitioner's motion to grant the writ (docket no. 6) is DENIED. The instant
13  petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The clerk shall terminate all
14  pending motions and close the file.
15      IT IS SO ORDERED.
16  DATED: 3/18/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge